**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| CHRIS FISHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-147 |
| | § | |
| NABORS DRILLING USA, INC. and | § | |
| NABORS OFFSHORE CORPORATION | § | |
| | § | |
| Defendants. | § | |

<u>**ORDER DENYING DEFENDANTS' OPPOSED MOTION TO TRANSFER VENUE**</u>

Plaintiff Chris Fisher ("Plaintiff") brings this action against Defendants Nabors Drilling USA, Inc. and Nabors Offshore Corporation ("Defendants") for personal injuries allegedly occurring on February 23, 2006 while Plaintiff was working aboard a jack-up drilling rig owned by Nabors Offshore Corporation.  Defendants filed their Opposed Motion to Transfer Venue to the Eastern District of Louisiana.  Plaintiff filed a timely Response thereto, and Defendants have filed a Reply Memorandum in Support of Opposed Motion to Transfer Venue.  For the reasons stated below, Defendants' Motion is respectfully **DENIED**.[1]

**I. Background**

Defendant Nabors Offshore Corporation hired Plaintiff in 2001 and assigned him to drilling operations off the coast of Louisiana in both state and federal waters.  Plaintiff was hired in Louisiana and was a Louisiana resident at the time.  On or about January 18, 2006, Plaintiff notified Defendants

---

[1]The Court does not consider this Order worthy of publication.  Accordingly, it has not requested and does not authorize publication.

that his residence changed to an address in Houston, Texas.  Plaintiff asserts that Defendants are

headquarted in Houston, Texas, and Defendants do not dispute this fact.

On February 23, 2006, the date of the alleged accident, Plaintiff was working aboard a drilling

rig known as the DOLPHIN 110, off the coast of Louisiana in federal waters.  Plaintiff claims that

his hard hat was hit with a crane's fastline ball while he was transferring a pallet from the DOLPHIN

110 to an adjacent vessel.  Shortly after the incident, Plaintiff complained of neck soreness, and he

was flown by helicopter to Louisiana for medical treatment the next day.

II.  Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in

the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought."  28 U.S.C. § 1404(a) (2000).  The movant bears the burden of

demonstrating to the Court that it should transfer the case.  *See Peteet v. Dow Chem. Co.*, 868 F.2d

1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more

convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the

plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the

forum should be changed.").  In determining whether a venue transfer is warranted, the Court

considers the availability and convenience of witnesses and parties; the cost of obtaining attendance

of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books

and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of

forum, which is generally entitled to great deference.  *See, e.g.*, *Dupre v. Spanier Marine Corp.*, 810

F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.

Supp. 1392, 1395–96 (S.D. Tex. 1992).  The decision to transfer a case lies within the sound

discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

III.     Analysis

*A.  Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)).  To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony.  *See id.* (citing *Dupre*, 810 F. Supp. at 825).  "The convenience of one key witness may outweigh the convenience of numerous less important witnesses."  *Id.*

Defendants attempt to convince the Court that it should transfer this case to the Eastern District of Louisiana because many possible witnesses reside more than one hundred  miles from the Southern District of Texas, Galveston Division.  While it is true that this Court has considered such information to be relevant when crucial witnesses resided more than one hundred miles from the forum, *see Dupre*, 810 F. Supp. at 825 ("[T]his Court will often transfer a case in which most of the *crucial* witnesses expected to testify live more than one hundred miles from Galveston." (emphasis added)), Defendants have failed to convince the Court that any of the eleven employees it listed as living more than one hundred miles from Galveston were crucial witnesses.  First, as stated above, a movant must provide a brief outline of likely testimony in order to convince the Court a transfer is warranted for the convenience of the witnesses. *See  Dupre*, 810 F. Supp. at 825.   Rather than outlining testimony, Defendants list the distance from the Court for each employee who was either

3

Case 3:06-cv-00147   Document 16   Filed in TXSD on 10/05/06   Page 4 of 9

working aboard the DOLPHIN 110 or worked out of Nabors Offshore Corporation's Louisiana offices at the time of the alleged incident. While such information might prove useful if the Court were made aware of the potential testimony of the eleven witnesses listed, it is not determinative and almost meaningless without such an outline. The Court frowns upon the waste of time and resources brought about by cumulative testimony and doubts that the testimony of all of the listed witnesses will be necessary. *See Continental Airlines*, 805 F. Supp. at 1397 ("[T]his Court vigorously exercises its authority under Fed. R. Evid. 403 and 611(a) to ensure that each witness' testimony is as concise as possible and that cumulative and redundant testimony is kept to a minimum."). Defendants had ample opportunity to convince the Court otherwise by providing a brief outline of the testimony of the alleged crucial witnesses Defendants list as living more than one hundred miles from the Court.

Second, as this Court has stated numerous times, the convenience of key witnesses who are employees of Defendants "is entitled to less weight because [Defendants] will be able to compel their testimony at trial." *Continental Airlines*, 805 F. Supp. at 1397; *see, e.g.*, *Walter Oil & Gas Corp. v. Teekay Shipping*, 270 F. Supp. 2d 855, 861 (S.D. Tex. 2003) ("[T]he Court finds that these witnesses' convenience is entitled to little consideration because they are [Defendant's] employees."); *Speed v. Omega Protein, Inc.*, 246 F. Supp. 2d 668, 674 (S.D. Tex. 2003) ("The Court would normally discount the inconvenience of Defendant's employees who witnessed the accident since their testimony can be compelled."); *Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 731 (S.D. Tex. 2002) ("[T]hese witnesses are entitled to less deference since most are [Defendant's] employees."). Defendants made no allegations that the eleven witnesses listed are no longer in Nabors Offshore Corporation's employ. Therefore, the Court is neither convinced that the witnesses are crucial nor that they are entitled to any deference.

Defendants also suggest that the convenience of Plaintiff's three initial healthcare providers, who all live in Louisiana, should be a significant factor in determining the appropriate venue for this action. Plaintiff counters that his current treating physicians reside in Texas, as does his economic expert. Plaintiff can compel his economist, who will provide expert testimony on damages, to attend trial. Plaintiff will, however, likely encounter significant expense and inconvenience in trying to compel his current treating physicians to attend trial. The remaining witnesses that have been clearly identified by the Parties that cannot be compelled are the initial treating physicians, but their testimony will be at best inconclusive and can easily be preserved by other means. Therefore, with the limited information regarding witness testimony that the Court has received and given the fact that the Court liberally construes Fed. R. Civ. P. 32 to allow depositions wherever convenient, the Court finds that the availability and convenience of key witnesses factor does not weigh heavily in favor of transfer. Next, the Court turns its inquiry to the availability and convenience of the parties.

Plaintiff is a Texas resident and chose this forum, so having the trial in Texas should not be an inconvenience to him. Defendants are allegedly headquartered in Houston, but claim that having a trial in Louisiana would be more convenient because Plaintiff was hired and worked out of the Louisiana office. However, since the fact that Nabors Offshore Corporation is headquartered in Houston is uncontested, the Court deems such an inconvenience to be minor at best. Thus, the factor of availability and convenience of the parties is neutral and does not weigh in the analysis.

*B. Cost of Obtaining the Attendance of Witnesses and Other Trial Expenses*

Parties to litigation face unavoidable costs in almost every case that goes to trial. *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997). Furthermore, it is "rare that the forum in which the case is litigated is the most convenient for all the parties involved." *Id.* While

many of the fact witnesses reside in Louisiana, Plaintiff and his current medical care providers live in Texas. Certainly some of the witnesses outlined by Defendants will provide relevant testimony, and Defendants will necessarily sustain additional costs bringing these witnesses to Texas. Plaintiff, likewise, will bear additional lodging and transportation costs if the trial is in Louisiana. Therefore, as the Court has not been enlightened as to the anticipated testimony of the eleven witnesses outlined by Defendants, the Court is unable to weigh adequately whether the costs of bringing the witnesses to Galveston merits a transfer of venue. Thus, Defendants have not met their burden.

*C. Location of Books and Records*

The location of books and records is generally of little importance in personal injury cases. Defendants claim that Plaintiff's post-accident medical records, employment file, workers' compensation information, and the records regarding the vessel on which Plaintiff was allegedly injured are all located in Louisiana. Plaintiff contends that the medical and corporate records should be easily ascertainable through normal discovery procedures. Defendants have not given the Court any indication that the records located in Louisiana are so voluminous as to cause Defendants to incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060 ("The Court finds little inconvenience inherent in bringing, if necessary, those records to Galveston [from Louisiana]."). Therefore, this factor does not weigh for or against transfer.

*D. Plaintiff's Choice of Forum*

Plaintiff's decision to litigate this case in Texas is entitled to great deference. *See Barnett v. Kirby Inland Marine, Inc.*, 202 F. Supp. 2d 664, 670 (S.D. Tex. 2002). Plaintiff's choice of forum is entitled to less deference if Plaintiff does not reside in the forum. *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the

Southern District of Texas was entitled to little or no deference where the case had no connection to the forum).  Plaintiff is a resident of Houston, Texas.  Defendant makes much of the fact that Plaintiff moved the Texas only thirty-five days before the accident, but he is a resident of Texas now and was a resident of Texas at the time of the alleged accident.   Therefore, the case has a significant connection to Texas.  Because a resident Plaintiff's choice of forum is entitled to great deference, this factor supports retention.

*E.  Place of the Alleged Wrong*

Defendants also argue that the Court should consider the place of the alleged wrong.  The DOLPHIN 110 is located off the Louisiana coast on the Outer Continental Shelf.  Defendants contend that this factor is significant because Louisiana residents have a strong interest in accidents that occur off its shores.   Plaintiff argues that the accident occurred in federal waters and should not be considered at all.  Because the accident occurred on a platform off of the coast of Louisiana, the Court finds that Louisiana citizens do have an interest in the outcome of this litigation.  However, as stated above, Texas residents also have an interest because Plaintiff resides in Texas and Nabors is allegedly headquartered in Texas.  Therefore, this factor weighs only slightly in favor of transfer.

*F.  Potential for Delay*

Any transfer will produce some delay, and Plaintiff must show that a transfer at this stage would cause a significant or unusual delay in order for this factor to be relevant.  *See In Re: Horseshoe Entertainment*, 337 F.3d 429 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of delay or prejudice might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence.").  Plaintiff contends that moving the case to Louisiana will cause significant delay because (1) the trial is already set for January 8,

7

2007–just over three months from today; and (2) the Louisiana federal courts are still experiencing significant backlog due to the effects of Hurricanes Katrina and Rita in 2005.  Defendants counter that the Eastern District of Louisiana is an experienced maritime court that can rapidly push a Jones Act case forward.  While this Court holds the Eastern District of Louisiana in high esteem, it is highly unlikely that the trial will not be delayed if the case were transferred.  Regardless of any lingering effects of the tumultuous hurricane season in 2005, three months is a very short timeframe for any court to "push a Jones Act case forward."  Therefore, this factor weighs in favor of retention.

After carefully considering each factor, the Court concludes that Defendants have failed to carry their burden of demonstrating that the case should be transferred to the Eastern District of Louisiana. Plaintiff chose to litigate in the Galveston Division of the Southern District of Texas, Plaintiff resides in Houston, Texas, Plaintiff's treating physicians and economist are in Texas, and the trial is likely to be delayed if the case were transferred.  Even though Defendants' witnesses may be inconvenienced by having the trial in the Galveston Division of the Southern District of Texas and the accident occurred off the coast of Louisiana, the balance of the factors weighs strongly in favor of this Court retaining jurisdiction.

IV.  Conclusions

For the reasons stated above, the Defendants' Motion to Transfer Venue is **DENIED**.  Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

8

**IT IS SO ORDERED**.

**DONE** this 5th day of October, 2006, at Galveston, Texas.

Samuel B. Kent
United States District Judge